No. 3108

Second Circuit

---

KARAM JOHN, ET AL., v. LIBERTY GROCERY CO., ET AL.

---

(May 22, 1928.   Opinion and Decree.)

---

(*Syllabus by the Court*)

1.  Louisiana Digest—Appeal—Par. 625, 636.
Where the evidence is conflicting as to whether rent claimed to be due on *open account has been paid, the finding* of the trial court will not be disturbed unless manifestly erroneous.
    The Item Co., Ltd., vs. Hereford, Inc., 1 La. App. 288.

2.  Louisiana Digest—Evidence—Par. 58, 59, 351; Landlord and Tenant—Par. 92.
The burden is on a lessee to prove by a preponderance of the evidence that rent claimed by his lessor has been paid.
    Valdoz vs. O'Keefe, 2 La. App. 362.

Appeal from the First Judicial District Court, Parish of Caddo.   Hon. Robert Roberts, Judge.

Action by Karam John, et al., against Liberty Grocery Company, et al.

There was judgment for plaintiffs and defendants appealed.

Judgment affirmed.

W. H. Scheen, of Shreveport, attorney for plaintiffs, appellees.

Dimick and Hamilton, of Shreveport, attorneys for defendants, appellants.

## STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiffs, Karam John and Joe Maroun, being the owners in indivision of the premises 127 Texas street in the City of Shreveport, Louisiana, each of them leased his undivided interest in the premises to Liberty Grocery Company, a commercial partnership composed of Soleyman Gabriel Soleyman and Elias Thomas, for the year 1926 at a monthly rental of $100.00 for the interests of both or $50.00 a month for the interest of each, each of them collecting the rent for his share of the property.

And by one act of lease each of the co-owners also leased his undivided half of the premises to the same defendant for three years, beginning January 1, 1927, at $150.00 per month for the interest of both of them or $75.00 per month for the interest of each, taking therefor seventy-two notes for $75.00 each, thirty-six payable to the order of Karam John and an equal number payable to the order of Joe Maroun, one of each set maturing February 1, 1927, and one of each set on the' first day of each of the next succeeding thirty-five months.

The lease stipulates for payment of interest on the rent at the rate of 8% per annum from its maturity until paid and for 10% attorneys' fees in event of the employ-

ment of an attorney to collect the notes. It further provides that failure to pay the rent for three months shall have the effect of maturing all unmatured notes.

Plaintiff, Karam John, in this action seeks to recover judgment against the defendants in solido for $180.00, balance of rent alleged to be due him by them on his undivided half of the premises for the year 1926, and both he and his co-plaintiff, Joe Maroun, seek judgment against the same defendants in solido for $5325.00, being the amount of seventy-one promissory notes, one of each series, maturing March 1, 1927, and one of each series maturing on the first day of the next succeeding thirty-five months.

Plaintiffs also procured a writ of provisional seizure to be issued under which a stock of merchandise and store fixtures situated in the leased premises were seized.

They further alleged that the stock of merchandise and store fixtures had been seized by the sheriff under a fi. fa. issued upon a judgment recovered by the Fowler Commission Company against the defendants and that by reason of their lessor's privilege they were entitled to be paid out of the proceeds of the sale of the seized property in preference to the Fowler Commission Company.

And they prayed that the Fowler Commission Company be made a party defendant and duly served and cited and for judgment against the Liberty Grocery Company and the individual members thereof in solido for the debt sued for with recognition of their lessor's privilege on the property seized and that the writ of provisional seizure be sustained and that they be decreed entitled to be paid out of the proceeds of the sale of the seized property in preference and priority to the Fowler Commission Company.

Defendants Soleyman and Thomas denied that they were indebted to plaintiff, Karam John, in the sum of $180.00 as balance of rent for the year 1926, and alleged that they were indebted to him on that account only in the sum of $75.00; and they denied that they were indebted to either of the plaintiffs in any sum on account of rent for the year 1927 at the time the suit was brought, and alleged that nothing would be due Karam John on that account until March 1, 1927, and that plaintiff, Joe Maroun, had been paid rent for the year 1927 for the months of January, February, March and April, or a total of $300.00, and also the further sum of $80.00.

And assuming the character of plaintiffs in reconvention they alleged that the provisional seizure was illegal and that in consequence plaintiffs had evicted them from the leased premises and they prayed that the lease be dissolved.

The defendant, Fowler Commission Company, Inc., answered alleging that all that was due plaintiffs at the time of the filing of the suit was $180.00, that plaintiffs had illegally ousted defendants from possession of the leased premises and thereby dissolved the lease, and that it was entitled to the proceeds of the sale of the seized property in preference to plaintiffs after satisfaction of plaintiffs' claim to the extent of $180.00.

On these issues the case was tried and there was judgment in favor of the plaintiff, Karam John, and against the defendants, Liberty Grocery Company, Elias Thomas and Soleyman G. Soleyman, in solido, for the sum of $180.00, for balance of rent for the year 1926, and for the further sum of $64.29, balance of rent for the month of February, 1927, with 8% per annum interest thereon from February 24, 1927, and 10% additional as attorney's fees, and sustaining the writ of provisional seizure; and there was judgment in favor of the plaintiff, Joe Maroun, sustaining the writ of provisional seizure but rejecting his demand for rent; and there was judgment in favor of the defendants and against the plaintiffs cancelling the lease as of date February 24, 1927; and there was judgment in favor of the plaintiff, Karam John, and against the defendant, Fowler Commission Company, Inc., decreeing the privilege of the former on the proceeds of the sale to be superior to the privilege of the latter thereon and ordering the sheriff to pay the judgment of Karam John out of such proceeds by preference over the judgment of Fowler Commission Company, Inc.

The defendants were taxed with the costs.

The Fowler Commission Company, Inc., appealed.

The other defendants did not appeal.

In its petition for an order of appeal the Fowler Commission Company, Inc., says:

"That it is entitled and desires to appeal from said judgment, inasmuch as same allows plaintiff, K. John, preference for the sum of $180.00 in the payment of the proceeds derived from the sale of defendants' cause (property)."

Plaintiffs have moved in this court to dismiss the appeal on the ground that both the motion for the appeal and the filing of the appeal bond were too late and for the further reason that the fund in the hands of the sheriff had been distributed.

### OPINION.

#### ON THE MOTION TO DISMISS.

The motion to dismiss the appeal must be denied.

The order granting the appeal fixed the devolutive appeal bond at $200.00 and the

suspensive appeal bond "according to law." The bond given is in the penalty of $600.00, and while it came too late as a suspensive appeal bond it was ample both as to amount and time of filing to serve as a devolutive appeal bond.

## ON THE MERITS.

The only question presented for our consideration by the record is the correctness of the judgment in allowing Karam John $180.00 as balance of rent for the year 1926 and $64.29 on account of rent for the month of February, 1927, and ordering the amounts paid out of the proceeds of the sale of defendants' property in preference to the judgment of Fowler Commission Company, Inc.

The evidence on the question of indebtedness of defendants to plaintiff Karam John is conflicting and was given in broken English. The defendants contended that they had paid the rent and the burden was on them to show by a preponderance of the evidence that they had. Both plaintiffs swore positively that the $180.00 balance of rent for the year 1926 was unpaid and both defendants swore positively that it had been paid.

Karam John testified:

"Q. Did he pay you all rent for 1926?
"A. No; left $180.00.
                    *  *  *
"Q. How much does he owe you for 1926?
"A. He owed me $700.00 and he owed me he transfer to me, he owes me $180.00 being left, you got it on your list there; he transfer $80.00 to T. R. Cohn and four hundred forty L. A. Fields and leave me one hundred and eighty dollars balance 1926."

Elias, Thomas, one of the defendants, testified:

"Q. Now did you or Mr. Soleyman owe K. John any rent for 1926?
"A. I don't believe so; asked one time, did we owe any, he says, don't owe anything.
"Q. You didn't have any notes on your former lease?
"A. No.
"Q. Keep any receipts?
"A. No, sir; never had no receipts.
"Q. You just paid the rent, is that it?
"A. Yes, sir.
                    *  *  *
"Q. Thomas, you didn't keep up with the books?
"A. No, sir.
"Q. You don't know whether you owed anything or not?
"A. I asked if owed him nothing when went to make the lease we don't owe a penny for last year at all."

The burden was on defendants to prove payment. The District Judge who heard and observed the witnesses testify and doubtless could better understand their broken English than we can was of opinion that the $180.00 balance of rent for the year 1926 claimed by plaintiff, K. John, was not paid, and we are unable to say that he erred.

As to the $64.29, rent for the year 1927, allowed by the court, there is no dispute.

But appellant, Fowler Commission Company, Inc., contends that no privilege existed on the property seized for the rent of the year 1926 for the reason that that rent was owing, if at all, for two buildings, namely, 127 and 129 Texas street, whereas only one building, namely, 127 Texas street was leased for 1927 and all of the goods seized were found on the premises 127 Texas street.

As the property when seized was still on part of the premises leased by Karam John to defendants for the year 1926 and for

which the rent claimed was due the lessor's privilege bore on the property as effectively as if part of it had been found in one store and the remainder in the other.

The judgment appealed from is correct and accordingly it is affirmed.